## MUDD *v.* GRINDER.

Partition; Equity Practice; Appealable Orders.

1. A court of equity will not decree partition of real estate, or sale for partition, where the title of the complainant is disputed by the defendant, but will retain the bill in order to give the complainant an opportunity to establish his title at law.
2. Whether an order of an equity term of the Supreme Court of this District, suspending proceedings in a suit brought for partition of real estate where the title of the complainant was disputed by the defendant, until the question of the title of the property could be determined at law, was appealable to the General Term of that court, under Sec. 772, R. S. D. C., *quaere.*

No. 91.   Submitted September 29, 1893.—Decided November 8, 1893.

Hearing on an appeal by the complainant from an order of the Supreme Court of the District of Columbia, holding an equity term, suspending proceedings in a partition suit, pending a suit at law to determine the question of the legal title of the real estate involved.   *Affirmed.*

The Case is stated in the opinion.

*Mr. H. O. Claughton* for the appellants.

*Messrs. Willoughby & Willoughby* and *Mr. P. B. Stilson* for the appellees.

The Chief Justice delivered the opinion of the Court:

By the bill in this case the court was asked to decree the sale of certain real estate for partition among parties supposed to be entitled thereto by descent, and for certain other relief.   The defendant, Grinder, the party in possession, denies title in the plaintiffs, and sets up title in himself, acquired at a tax sale; and avers that the deed for the property has been made to him by proper authority.   On this state of pleading and contention of the parties, the court ordered the case to stand over or to " be suspended until the question of title to the property in question could be determined

by some appropriate proceeding at law; and that some such proceeding be commenced within two months from the date of the order." It was from this order that the appeal was taken to the General Term of the Supreme Court of this District, from whence it was transferred to this court.

It appears that the defendant Grinder, by his original answer to the bill, admitted the right of the plaintiffs, and a willingness to have the property sold. But afterwards, and after proof taken and the case was ready for hearing, he made application for leave to amend his original answer; and upon affidavit, as required by the rule of court, leave was given to file an amended answer. And by this amended answer, the defendant introduced a new defence, and denied that any title to the property was ever cast by descent upon any of the children of Maria Boswell, deceased, who are plaintiffs in the bill; and that the legal title to the property is in the defendant, John F. Grinder, acquired as purchaser at a tax sale of the property. It is denied that the court below had any power to allow the amendment of the original answer to be made at the then stage of the case; but that question would seem to have been fully regulated and controlled by Rule 53 of the Supreme Court of the District. Moreover, the order granting leave to amend is not before this court on the appeal taken—that appeal being from the order suspending the proceedings in equity until the question of the legal right was tried and determined at law, and not from the order giving leave to amend. Whether an appeal from such order, giving leave to amend an answer under the circumstances stated, will lie, is a question we need not decide.

The legal title to the property is disputed; and while the jurisdiction of a court of equity to decree partition, or sale for partition, is undoubted in cases where there is no serious question of the legal title as between the parties, it is equally well settled that the court does not sustain a bill for partition unless the legal title be clear; and where the legal title is disputed, the court will retain the bill to give the plaintiff an

opportunity to establish his title at law. This is the well-established practice. *Wilkin* v. *Wilkin,,* 1 John. Ch., 111; *Phelps* v. *Green et al.*, 3 John. Ch., 302, 305 ; *Coxe* v. *Smith*, 4 John. Ch., 271, 276. And it would seem that the court below, in passing the order appealed from, did nothing more than pursue the well-established practice in such cases. Whether the suspending order is of a nature to afford the right of appeal to the General Term, under the terms of Section 772 of Revised Statutes relating to the District of Columbia, may admit of doubt. But as we think the court was clearly right in passing the order it did, we deem it unnecessary to pass definitely upon the question of the right of appeal.

*Order affirmed, with costs to appellees, and cause remanded.*